```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


HYATT ET AL.                              CIVIL ACTION

VERSUS                                    NO: 06-8792

STATE FARM INSURANCE COMPANY              SECTION: "R"(1)
ET AL.
```

This Order applies to Case No. 06-10490, *Walker et al. v. Allstate*.

**The Court issued an order denying plaintiffs' motion for partial summary judgment on December 14, 2007. The Court today discovered that the order that was entered was not the correct order, but an unfinished draft. The Court VACATES that order and issues the correct order in its place. The correct order does not change the result.**

<u>ORDER AND REASONS</u>

Before the Court are plaintiffs' motions for partial summary judgment regarding the burden of proof in *Hyatt et al. v. State Farm* (Case No. 06-8792) and *Walker et al. v. Allstate* (Case No. 06-10490). For the following reasons, the Court DENIES the motions.

**I.   INTRODUCTION**

*Hyatt v. State Farm* plaintiffs Lori and Kendall Hyatt sued their homeowner's and business insurer, State Farm, and Brian Bubrig, their insurance agent, in Louisiana State Court on August 25, 2006.  Plaintiffs allege that State Farm acted in bad faith and breached its insurance contracts with plaintiffs by failing to timely and adequately adjust plaintiffs' Hurricane Katrina claims.  State Farm removed the case to this Court on October 20, 2006, and on October 30, 2007, the Court granted defendant's motion to dismiss plaintiffs' claims against Bubrig, their insurance agent.

*Walker v. Allstate* plaintiffs, Cynthia Walker and Rodney Jackson, sued their homeowner's insurer, Allstate, in Louisiana State Court on August 28, 2006.  Plaintiffs allege that Allstate acted in bad faith and breached its insurance contract with plaintiffs by failing to timely and adequately adjust plaintiffs' Hurricane Katrina claims.  Allstate removed the case to this Court on November 20, 2006.

**II.   BACKGROUND**

On September 12, 2007, plaintiffs filed identical motions for partial summary judgment in both cases.  Plaintiffs contend that their homeowner's policies are all-risk insurance policies

which provide coverage unless it is expressly excluded. Plaintiffs ask the Court to hold that defendants bear the burden of showing that (1) an exclusion exists in the policy; (2) the exclusion is unambiguous; and (3) the exclusion is applicable to the loss claimed.  Defendants aver that plaintiffs bear the burden of segregating their covered and excluded losses and proving the amount of damages attributable to covered perils. The Court rules on these issues as follows.

**II.   Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party

will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

Plaintiffs first contend that to defeat coverage State Farm and Allstate have the burden of proving that an exclusion exists in the policy and that the exclusion is unambiguous.

**1.  Open Peril Policy**

With respect to plaintiffs' dwelling policies, which are "open peril" policies, "if the insureds meet their threshold burden of proving an accidental direct physical loss to the insured property, then the burden shifts to the insurer to prove the applicability of any asserted exclusion." *See Broussard v. State Farm Fire & Cas. Co.*, 2007 WL 2264535, *2 (E.D. La. 2007)

(quoting *Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507, *1-2 (E.D. La. 2007)).

Neither insurer contests that it has the burden of proving the applicability of an exclusion for a noncovered peril. Both contend, however, that once they present evidence that plaintiffs' losses were caused by an excluded peril, the burden shifts back to plaintiffs to show either that their losses do not fall within the exclusion or, alternatively, to segregate the amount of their covered losses from excluded losses. The Court holds that defendants correctly state the respective burdens of the parties. *See, e.g., Broussard*, 2007 WL 2264535 at *3 ("[W]here a covered and a noncovered peril may have contributed to plaintiffs' loss, plaintiffs are required to prove the amount of segregable damage caused by the covered peril.") (citing *Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042, *2 (E.D. La. 2007); *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004); COUCH ON INSURANCE § 175:9 (3d ed. 2006)). *See also Jones v. Estate of Santiago*, 870 So. 2d 1002, 1010-11 (La. 2004) (after insurer made prima facie showing of the applicability of an exclusionary clause within a policy, "the burden shifted to plaintiff to present evidence demonstrating ... that the exclusion did not apply"); *Swindle v. Maryland Cas. Co.*, 251 So. 2d 787, 791 (La. App. 1971) (After insurer produced evidence

sufficient to maintain its affirmative defense of arson, "it was incumbent upon [the insured] to rebut such evidence.").

Plaintiffs attempt to avoid this burden by arguing that their property was a total loss, and it is up to the fact finder to determine the efficient proximate cause of the loss under Louisiana's Valued Policy Law.  The VPL reads in pertinent part:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

La. Rev. Statute § 22:695(A).  Plaintiffs' reliance on VPL is misplaced.  The VPL does not assign burdens of proof, nor does it state the test for determining loss causation. *See Landry v. Louisiana Citizens Property Ins. Co.*, 964 So.2d 463, 474 (La. App. 2007) (noting that the "VPL simply fixes a value which an insurer must pay in the event a structure is *deemed* a total loss and a *factual determination* has been that the total loss was 'caused' by a specified peril defined in the insurance contract").  The Court therefore rejects plaintiffs' argument

6

that the VPL statute does anything to alter the burden of proof. Loss causation is determined under the language in the insurance policy and any relevant Louisiana insurance law. Though plaintiffs are correct that the trier of fact will ultimately determine the amount of damage caused by wind, water, or both, to plaintiffs' homes, *Ferguson*, *2007 WL 1378507* at \*4, plaintiffs still have the burden of "presenting evidence that will allow the trier of fact to segregate covered losses from non-covered losses." *Fiess*, 392 F.3d at 807 (applying Texas law); *see also Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 241 (5th Cir. 2007) (holding that Louisiana's VPL does not apply when a total loss does not result from a covered peril).

The Court has considered plaintiffs' reliance on the Louisiana Third Circuit Court of Appeal opinion in *Landry*, in which the Court stated that the insurer had the burden of proof to show that an excluded peril was the "efficient or proximate cause" of a total loss. *Id.* at 484. The issue of the burden of proof was not an issue on appeal to the Court.[1] Accordingly, the Court's statement is dicta and not of precedential value.

---

[1] The issue on appeal was whether Louisiana's VPL "requires an insurer to pay the full face value of the policy when concurrent perils ... combine, during the course of a single climatic event, to render the home a total loss." *Landry*, 964 So. 2d at 466.

### 2.   Named Peril Policy

Plaintiffs' contents coverage is provided on a "named peril" basis, pursuant to which plaintiffs carry the burden of proving that damage to their contents was caused by a named peril. *See Opera Boats, Inc. v. La Reunion Francaise*, 893 F.2d 103, 105 (5th Cir. 1990) ("When insurance is provided by a named-perils clause, the initial burden is on the insured to prove that loss occurred by the named peril."); *Broussard*, 2007 WL 2264535, at *3 ("plaintiffs are required to prove by a preponderance of the evidence that their personal property was lost or damaged due to a specified covered risk named in the policy") (quoting *Ferguson*, supra); *Constitution State Ins. Co. v. Werner Enterprises, Inc.*, 1987 WL 4978 (E.D. La. 1987) ("If the cause of damage under a windstorm policy is ... a combination of wind and water, then the insured bears the burden of proof and may not recover unless it proves that the damage can be separated and that the loss or damage was the direct result of wind."); *Aronson v. State Farm Fire & Cas. Co.*, — So. 2d -, 2007 WL 3015571, *6 (La. App. 2007) (finding that plaintiffs proved by a preponderance of the evidence that their contents were damaged as a result of wind and not flood); *Ho v. State Farm Mut. Auto Ins.* Co., 862 So. 2d 1278, 1281 (La. App. 2003) ("Louisiana law ... places the burden on the plaintiff to establish every fact essential to recovery and to

establish that the claim falls within the policy coverage"); *Thomas v. Pa. Fire Ins. Co.*, 163 So. 2d 202, 204 (La. App. 1964) (noting plaintiff's burden under a named peril policy to prove "by a preponderance of the evidence" that the claimed loss was caused by a covered risk). If plaintiffs are able to prove that a covered peril, such as wind, caused the damage to their personal property, then the burden of showing an exclusion under the policy shifts to the insurers. Should defendants meet their burden of proving the losses were cause by an excluded peril, the burden will shift back to plaintiffs once again to prove the amount of segregable damage caused by the covered peril. *See Broussard*, 2007 WL 2264535 at *3; *Jones*, 870 So. 2d at 1010-11; *Swindle*, 251 So. 2d at 791.

    Plaintiffs' citation to *Jewelers Mutual Insurance Company v. Balogh*, 272 F.2d 889 (5th Cir. 1959), lends no support to their contention that once they have demonstrated a loss, defendants should adjust the claims. *Jewelers* involved an "all risks" policy which provides for different burdens of proof. Further, the Court finds without merit plaintiffs' unsupported assertion that even if they carry the burden of showing a covered loss, their physical evidence and expert testimony "amply meet" this burden. (Pls.' Reply Mem. at 7).

**IV. CONCLUSION**

Plaintiffs are not entitled to have the burden of proof apportioned as sought in their motions, therefore plaintiffs' motions for partial summary judgment are DENIED.

New Orleans, Louisiana, this 25th day of February, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT